UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN A. DAVIS, <br>     Plaintiff, <br><br> v. <br><br> HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, and <br><br> AETNA LIFE INSURANCE COMPANY, <br><br>     Defendants. | Civil No. 3:25-cv-05125 <br><br> COMPLAINT FOR ERISA BENEFITS |

Plaintiff, Ryan Andrew Davis, makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as the Department of Labor's ERISA claims regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, the plan's mandatory appeals have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach occurred. Plaintiff lived in Clark County, Washington at the time Defendants failed to deliver benefits due to him.

**PARTIES**

4. Plaintiff lives in Ridgefield, Clark County, Washington.

5. Defendant Aetna Life Insurance Company ("Aetna") is an insurance company headquartered in Hartford, Connecticut, and is authorized to transact the business of insurance in this state.

6. Defendant Aetna issued group long term disability insurance policy number GP-811784 to Plaintiff's former employer, Dentsply Sirona, in 2008.

7. Defendant Hartford Life & Accident Insurance Company ("Hartford") is an insurance company headquartered in Hartford, Connecticut, and is authorized to transact the business of insurance in this state.

8. In 2017, Defendant Hartford acquired Aetna's disability insurance business and took over administration of all Aetna-underwritten group disability policies and claims.

9. Defendant Hartford is the party that denied Plaintiff's claim for benefits and denied Plaintiff's appeal, as described below.

10. Defendant Aetna is the party obligated to pay benefits under group long term disability policy GP-811784.

11. Both Defendants may be served with process in Washington by and through the Washington State Office of the Insurance Commissioner, by mailing two copies of the summons and complaint to: Office of the Insurance Commissioner, Service of Legal Process, P.O. Box 40255, Olympia, WA 98504-0255.

**FACTS**

12. Plaintiff formerly worked for Dentsply Sirona, a dental equipment and supply company, as a "Senior Territory Manager."

13. Plaintiff's own occupation as a "Senior Territory Manager" is similar to other regional sales manager jobs, involving travel for sales appointments, and frequent interactions with customers.

14. By virtue of his employment, Plaintiff was covered by group long term disability insurance policy number GP-811784, issued by Aetna to Dentsply Sirona.

15. The provision of group long term disability ("LTD") insurance coverage to employees of Dentsply Sirona constitutes an ERISA welfare benefit plan ("Plan").

16. Plaintiff stopped working for Dentsply Sirona in May of 2018 due to disabling symptoms of cervical radiculopathy, a right elbow tear, and knee arthritis.

PLAINTIFF'S COMPLAINT  
Civ. No.: 3:25-cv-05125   3   

Evergreen Disability Law  
465 NE 181st Ave., No. 500  
Portland, Oregon 97230  
(503) 888-9331

17. Aetna approved Plaintiff's claim for benefits under the LTD plan as of October 30, 2018, following the policy's waiting period or "elimination period."

18. In approximately early 2019, Hartford took over administration of Plaintiff's disability benefits claim.

19. Hartford continued to approve and issue benefits due under the disability policy until at least May 2023.

20. By letter dated July 21, 2023, Hartford denied Plaintiff's claim for benefits beyond July 15, 2023.

21. Plaintiff is unable to determine whether any benefits were paid from May 2023 to July 15, 2023, and alleges that he is still owed such benefits regardless of whether Hartford's denial is overturned.

22. Hartford's July 21, 2023 denial letter stated that Plaintiff's claim was denied for his failure to provide updated medical records and a statement from his treating physician.

23. Hartford later sent a letter dated August 10, 2023, which stated that some additional records had been received, but that this did not change the denial decision. Hartford's August 10 letter stated that Plaintiff had 180 days from August 10, 2023 to appeal the claim denial.

24. By letter dated February 6, 2024, Plaintiff appealed the claim denial.

25. By letter dated February 7, 2024, Hartford acknowledged receipt of Plaintiff's appeal.

26. On March 27, June 6, and June 23, 2024, Plaintiff submitted additional evidence in support of his appeal to Hartford.

PLAINTIFF'S COMPLAINT
Civ. No.: 3:25-cv-05125                                        4

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

27. The evidence Plaintiff submitted in support of his appeal included statements of support from four of his treating providers, and showed that he remained disabled from his own occupation due to a combination of physical and mental health conditions.

28. By letter dated August 7, 2024, Hartford denied Plaintiff's appeal.

29. Hartford's August 7, 2024 letter stated that Plaintiff's administrative remedies under the plan were exhausted, and that he could file suit under ERISA if he wished to challenge the claim denial further.

30. This complaint is timely filed within the contractual limitations period stated in the policy.

31. Plaintiff was and continues to be disabled under the terms of the Plan.

32. Defendants would pay any benefits due out of their own funds.

33. Defendants were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

34. Defendants allowed their concern over their own funds to influence their decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

35. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

36. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

37. Defendant failed to provide benefits due under the terms of the Plan and these denials of benefits to Plaintiff constitute breaches of the Plan.

38. The decisions to deny these benefits were wrong under the terms of the Plan, and should be reversed on *de novo* review.

39. The decisions to deny benefits and decision-making processes were also arbitrary and capricious.

40. The decisions to deny benefits were not supported by substantial evidence in the record.

41. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled under the Plan.

42. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

1  3.     Prejudgment and postjudgment interest;

2  4.     An Order requiring the Defendant to pay continuing benefits into the future, so long

3  as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral

4  benefits to which he might be entitled on the basis of being disabled under the LTD plan, in

5  the future so long as Plaintiff remains disabled under the terms of the Plan;

6  5.     Plaintiff's reasonable attorney fees and costs; and

7  6.     Such other relief as this court deems just and proper.

8  Dated this 14th day of February, 2025.

                                       Respectfully submitted,

                              BY:     *s/Jeremy L. Bordelon*
                                       Jeremy L. Bordelon, WSBA No. 53118